IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Starks Fincher,                           )
                                          )
                    Petitioner,           )
                                          )         Civil Action No. 9:18-16-BHH
v.                                        )
                                          )
Warden Antonelli, *FCI Williamsburg*,     )              **ORDER**
                                          )
                    Respondent.           )
_____)

       This matter is before the Court upon Petitioner Starks Fincher Jr.'s ("Fincher" or "Petitioner") pro se petition for a writ of habeas corpus pursuant to 29 U.S.C. § 2241. In accordance with 28 U.S.C. 636(b)(1)(B) and Local Rule 73.02(B)(2)(c) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review. On March 13, 2018, Magistrate Judge Bristow Marchant issued a report and recommendation ("Report"), analyzing the issues and recommending that the Court dismiss the petition without prejudice and without requiring Respondent to file a return. Petitioner filed objections to the Report, and subsequently a motion to amend his petition, and the matter is ripe for review.

## STANDARD OF REVIEW

       The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination only of those portions of the Report to which a specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendations of the Magistrate Judge, or recommit the matter to the

Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In his Report, the Magistrate Judge thoroughly outlined the history of this case, including Petitioner's prior motions filed pursuant to 28 U.S.C. § 2254 and his prior § 2241 motion. After reviewing this history as well as Petitioner's current claims, the Magistrate Judge recommended that the Court dismiss the instant § 2241 petition without prejudice. As the Magistrate Judge noted, "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." Id. at n. 5.

The Fourth Circuit has identified circumstances when a federal prisoner may use a § 2241 petition to attack the legality of a conviction. Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

Here, the Magistrate Judge determined that Petitioner failed to meet the three-part test set forth in In re Jones because he failed to show that the conduct for which he was convicted has been deemed non-criminal by any substantive law change. Moreover, the Magistrate Judge rejected Petitioner's claim that Bailey v. United States, 516 U.S. 137 (1995), renders invalid his conviction for use of a firearm during a drug offense, noting that Bailey preceded Petitioner's offenses and sentencing.

Likewise, the Magistrate Judge rejected Petitioner's claim of actual innocence, wherein Plaintiff contends that he was indicted "based on conduct from [the] § 924(c) offense in conjunction with the standard of participation (during and in relation) from the use offense, [which] clearly shows tha[t] the indictment failed to charge a codified federal offense, which renders the petitioner actual[ly] innocent of the fabricated offense." (ECF No. 8 at 2.) As the Magistrate Judge noted, claims of actual innocence are extremely rare and must be based on factual innocence and not simply legal insufficiency. Bousley v.

*United States*, 523 U.S. 614, 623 (1998). Here, because Petitioner failed to present any new, reliable evidence of any kind that demonstrated his innocence of the criminal charges, the Magistrate Judge found that Petitioner failed to state a plausible claim of actual innocence.

In his objections to the Report, Petitioner simply reiterates his arguments and again asserts that § 2255 is inadequate or ineffective to test the legality of his detention and that he is actually innocent of the § 924(c) offense. After review, the Court finds Petitioner's objections without merit and agrees with the Magistrate Judge's thorough analysis of Petitioner's arguments. Likewise, the Court finds no merit to Petitioner's "request to supplement his § 60(b)(4) petition pursuant to Rule 15(a)," wherein he appears to contend that the federal government infringed upon the sovereignty of the state of South Carolina by arresting a state citizen. Accordingly, this motion is denied.

Therefore, after consideration, the Court agrees with the Magistrate Judge that, based on the current law, Petitioner has failed to show that § 2255 is "inadequate or ineffective" to test the legality of his detention, and that Petitioner has failed to state a plausible claim of actual innocence to allow him to bypass the gatekeeping requirements of § 2255 and proceed with this § 2241 petition. Accordingly, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 13) is adopted and incorporated herein; Petitioner's objections (ECF No. 16) are overruled; Petitioner's motion to amend (ECF No. 18) is denied; and this matter is dismissed without prejudice and without requiring Respondent to file a return.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

November 2, 2018
Charleston, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.